IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Timothy Charley, #265146, ) | C/A No. 6:13-764-CMC-KFM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Allendale Correctional Institution; Mr. John R. ) | |
| Pate, Warden; Mr. Newton, Assistant Warden, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## Background

This *pro se* Plaintiff, who is incarcerated at the Tyger River Correctional Institution, brings a civil action pursuant to 42 U.S.C. § 1983 alleging unconstitutional prison conditions at Allendale Correctional Institution ("Allendale"), his previous place of incarceration. ECF No. 1, 1-3.[1] Plaintiff originally named the Allendale Correctional Institution as the sole Defendant, but on the proper Complaint form submitted in response to this Court's April 8, 2013, order, he added Defendants Warden John R. Pate and Assistant Warden Newton. *Id.* Plaintiff alleges that on February 17, 2013, a stabbing incident occurred at Allendale in the Barnwell Unit of B Side involving about four to five inmates. ECF No. 1-3 at 3. He alleges those inmates who were involved were taken to lock-up, and the remainder of inmates on B Side who were not involved were subjected to lock down status for "several days." *Id.* Plaintiff alleges that during the lock down status the Warden placed the innocent inmates on canteen restriction and they were fed only bag

---

[1] Plaintiff's original Complaint was hand-written, and pursuant to this Court's proper form order dated April 8, 2013, he submitted a Complaint on the Court form. Both documents have been attached and filed together as the Complaint.

lunches, which constituted cruel and unusual punishment. *Id.* He alleges that Defendants purposefully subjected the innocent inmates to distress and punishment. *Id.*

Further, Plaintiff alleges that Defendants refused to file his inmate grievance, and, thus, they violated his constitutional right to petition the Government for a redress of grievances. ECF No. 1-3 at 4. Finally, he alleges that Defendants refused to use reasonable care when Plaintiff sought an answer as to why he was not transferred to Trenton Correctional Institution ("Trenton") after his transfer request initially had been approved. *Id.* He alleges that Defendants advised him that Trenton is only a little further from his mother's home than Allendale is from her home, so she should be able to travel despite her doctor's statement about her difficulty traveling. *Id.* He alleges such actions constituted cruel and unusual punishment. *Id.*

Plaintiff seeks damages and for an immediate transfer to Trenton. ECF No. 1-3 at 5. He also requests this Court to order that Randy Freeman #304245 be transferred to Trenton and that this Court investigate the behavior of Allendale. ECF No. 1 at 2.

## Discussion

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review this Complaint for relief and submit findings and recommendations to the district court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff

is a prisoner under the definition in 28 U.S.C. § 1915A(c) and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

This Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2)

that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

This Complaint should be dismissed because Plaintiff does not allege facts to plausibly state a claim that Defendants violated his constitutional rights. Although the court must liberally construe the *pro se* Complaint and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact); *cf. Skinner v. Switzer*, 131 S. Ct. 1289 (2011) (holding that plaintiff need not pin his claim for relief to precise legal theory). "'In assessing the complaint's plausibility, we accept as true all the factual allegations contained therein.'" *Cameron v. Bonney*, No. 12-7836, 2013 WL 1800423, at *1 (4th Cir. April 30, 2013) (citation omitted). Although Plaintiff alleges that Defendants violated several of his constitutional rights, that is a legal conclusion and not a factual allegation. *See Burnette v. Fahey*, 687 F.3d 171, 180 (4th Cir. 2012).

Defendants alleged placement of Allendale inmates on B Side in lock down status with bag lunches and canteen restrictions for several days following a stabbing incident does not violate the Eighth Amendment prohibition on cruel and unusual punishment. In order to establish a case that prison conditions violate the Eighth Amendment, a plaintiff must show "'(1) a serious deprivation of a basic human need; and

4

(2) deliberate indifference to prison conditions on the part of prison officials.'" *Fuller v. Cnty. of Charleston*, 444 F. Supp. 2d 494, 497–98 (D.S.C. 2006) (citation omitted). Plaintiff's allegation that for several days he was forced to eat bag lunches, without alleging physical injury or risk of serious harm and without alleging lack of nutritional value of the food, and his allegation that he was denied canteen privileges do not rise to the level of a serious deprivation of a basic human need. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (noting that adequate food, clothing, shelter, and medical care must be provided to inmates); *Pierre v. Ozmint*, C/A No. 3:09-226-CMC-JRM, 2010 WL 679946, at *7 (D.S.C. Feb. 24, 2010) (no constitutional right to canteen privileges), *aff'd*, 410 F. App'x 595 (4th Cir. 2011); *cf. Wilson v. Johnson*, 385 F. App'x 319 (4th Cir. June 25, 2010) (allegations of inadequate food portions and physical weight loss or unsanitary food service facilities may state a cognizable claim).

Additionally, Plaintiff's allegation that Defendants wrongfully refused to file his prison grievance does not state a cognizable constitutional claim. It is well settled that an inmate's access to and participation in a prison's grievance process are not constitutionally protected. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Taylor v. Lang*, 483 F. App'x 855, 858 (4th Cir. 2012); *Sweat v. Harell*, C/A No. 9:09-2040-HFF-BM, 2009 WL 3334451, at *3 (D.S.C. Oct. 15, 2009). Thus, even if Defendants improperly refused to file Plaintiff's grievance, such conduct does not violate the Constitution.

Further, Plaintiff's allegation that he should have been placed in Trenton instead of Allendale does not state a cognizable constitutional claim. There is no constitutional right for a state or federal prisoner to be housed in a particular institution, at

particular custody level, or in a particular portion or unit of a correctional institution. *See McKune v. Lile*, 536 U.S. 24, 26 (2002) (noting that the "decision where to house inmates is at the core of prison administrators' expertise"); *Meachum v. Fano*, 427 U.S. 215, 225 (1976) (holding that the Constitution's Due Process Clause does not "protect a duly convicted prisoner against transfer from one institution to another within the state prison system"). The placement and assignment of inmates into particular institutions or units by state or federal corrections departments are discretionary functions, and those decisions are not subject to review *unless* state or federal law places limitations on official discretion. *Cf. Hayes v. Thompson*, 726 F.2d 1015, 1017 (4th Cir. 1984) (remanding the case for a determination of whether Virginia prison regulations limit prison officials' discretion to transfer inmates). South Carolina law confers no protected liberty interest upon Department of Corrections' inmates from being placed in a particular prison, in a particular section of the prison, or being placed in administrative segregation. *See Keeler v. Pea*, 782 F. Supp. 42, 44 (D.S.C. 1992) (finding that South Carolina state law does not limit the discretion of prison officials' utilizing administrative segregation).

Moreover, Plaintiff fails to state a cognizable § 1983 claim against Allendale. It is well settled that only "persons" may act under color of state law, and, therefore, a defendant in a Section 1983 action must qualify as a "person." Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law. *See Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-2988-JMC, 2011 WL 2066551 (D.S.C. May 26, 2011) (finding that a building, detention center, is not amenable to suit under § 1983); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under

6

§ 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Here, Allendale is a department, group of buildings, or a facility. Thus, it is not considered a person subject to suit under 42 U.S.C. § 1983.

Lastly, to the extent Plaintiff seeks to bring this lawsuit on behalf of Randy Freeman, he does not have standing to do so. *See Hummer v. Dalton*, 657 F.2d 621, 625-626 (4th Cir. 1981) (a prisoner cannot act as a "knight-errant" for others); *Inmates v. Owens*, 561 F.2d 560, 562-563 (4th Cir. 1977) (one *pro se* inmate does not have standing to sue on behalf of another inmate); *see also Myers v. Loudon Co. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005) (finding that a *pro se* person's right to litigate for *oneself* does not create a similar right to litigate on behalf of others).

## Recommendation

Based on the foregoing, it is recommended that the district court dismiss the Complaint in the above-captioned case *without prejudice*. Plaintiff's attention is directed to the important notice on the next page.

May 30, 2013                                          s/ Kevin F. McDonald
Greenville, South Carolina                   United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>300 East Washington Street, Room 239
>Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).